IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMAL A. MASON, | § | |
| | § | No. 417, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. N2305007135 |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: October 25, 2024
Decided: November 21, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Jamal A. Mason, filed this appeal from his sentencing for a violation of probation ("VOP"). The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Mason's opening brief that his appeal is without merit. We agree and affirm.

(2) On August 7, 2024, Mason pleaded guilty to shoplifting property worth more than $1500, which is a class G felony.[1] The Superior Court sentenced Mason, effective April 2, 2024, to two years of imprisonment, suspended after 127 days

---

[1] 11 *Del. C.* § 840(d).

served for one year of probation, with GPS monitoring and Treatment Access Center monitoring. The Superior Court also ordered Mason to pay a total of more than $15,000 in restitution to Sephora, Best Buy, Target, Ulta Beauty, and Bed Bath & Beyond, and to have no contact with any of those companies' stores in Delaware.

(3) On August 22, 2024, a probation officer filed an administrative warrant alleging that Mason had violated probation. The warrant and a supplemental VOP report filed a few days later alleged that, after his release from Level V supervision on August 8, 2024, Mason did not report to probation until August 21, 2024, when he received his GPS monitor. That afternoon, he left Delaware without permission and went to Pennsylvania. His probation officer spoke to Mason by telephone and told him to return to Delaware, but he did not return until two hours later, during which period he went to three retail stores in Pennsylvania. The report further alleged that after returning to Delaware, Mason went to the Target store at Brandywine Town Center, despite the no-contact provision in his sentencing order. Probation officers then apprehended him in the Concord Mall parking lot.

(4) At a VOP hearing on August 28, 2024, the Superior Court found Mason in violation of probation. The court sentenced him to one year and eight months of imprisonment to be served under 11 *Del. C.* § 4204(k), with credit for 127 days previously served, and no probation to follow.

2

(5)     On appeal to this Court, Mason argues that the Superior Court should have imposed a lower sentence.  Mason also asserts that probation officers harassed him and violated his constitutional rights by following him when he was walking in his neighborhood and "constantly stopping and searching" him.

(6)     Mason did not provide the Court with a transcript of the August 28, 2024 VOP hearing, and we therefore cannot determine on what basis the court found Mason to be in violation of probation.  In the Rule 9(e) statement that Mason filed with his notice of appeal, however, he stated that the transcript was not required because "transcripts do not support appeal."  Moreover, the VOP report alleged violations based on Mason's leaving Delaware without permission and having contact with a Delaware Target store in violation of the original sentence order, all as indicated by his GPS location on the day that he first reported to probation and received the GPS monitor.  There is nothing in the record suggesting that his VOP adjudication was connected with a wrongful probationary search, and Mason does not contend that he did not leave the state or go to Target.[2]

---

[2] *Cf. Ewing v. State*, 2023 WL 315334, at \*1 (Del. Jan. 18, 2023) ("[B]ecause Ewing did not provide the Court with the transcript of the June 24, 2022 VOP hearing, we are unable to review her claim that the evidence presented did not support a finding that she had violated the terms of her probation [by failing to report an address change].  In any event, Ewing's failure to report her change of address was just one of four grounds cited in the VOP report, and Ewing does not contend, for example, that she reported to her probation officer as directed." (citing *Tricoche v. State*, 525 A.2d 151 (Del. 1987)).

(7)     "It is well-established that appellate review of sentences is extremely limited."[3]  Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[4]  If the sentence falls within the statutory limits, we consider only whether it is based on factual predicates that are false, impermissible, or lack minimal reliability; judicial vindictiveness or bias; or a closed mind.[5]  When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[6]

(8)     Mason does not contend that the Level V time imposed for the VOP exceeds the Level V time remaining on his original sentence.  We find no basis for reversal.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[3] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[4] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[5] *Kurzmann*, 903 A.2d at 714.
[6] 11 *Del. C.* § 4334(c).